**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2457

_____

SUSAN LLOYD,
                                        Appellant
v.

MANBEL DEVCO I LP; MANBEL DEVCO III LP, d/b/a ECLIPSE AT BELMONT;
AUDREY CALECA; CAROLINE SCHOMPERT; CREATION LANDSCAPING
AND LAWNCARE, LLC; GREENSCAPES LANDSCAPE
CONSTRUCTION, LLC; LANCASTER COUNTY HOUSING AUTHORITY;
BENJAMIN NOVAK; FOWLER HIRTZEL MCNULTY AND SPAULDING

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 5:23-cv-02261)
District Judge:  Honorable Joseph F. Leeson, Junior

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 23, 2026

Before:  MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: March 30, 2026)

_____

OPINION[*]

_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Susan Lloyd seeks review of the District Court's dismissal of her claims against Lancaster County Housing Authority (LCHA). We will affirm.

I.[1]

Lloyd signed a lease for an apartment in the Eclipse at Belmont, located in Lancaster, Pennsylvania. Although the lease stated that Lloyd could pay rent monthly, she was instead required to pay for the entire lease year up front. Lloyd alleged that she was treated unfairly, and differently, because of her disabilities and because she aimed to pay rent using federal funds filtered through defendant LCHA via the Emergency Rental Assistance Program (ERAP).[2] The property owner (Manbel) would not accept direct ERAP payment from LCHA, which in that event was allegedly required to (but did not) give the payment to Lloyd.

Lloyd had other problems with the Eclipse once her tenancy began. Sidewalks were not maintained. Security cameras were removed. And although the Eclipse was advertised as a smoke-free community, it was not. In addition, Manbel's landscaping contractors used unauthorized pesticides, which harmed Lloyd and her service dog.

Lloyd's complaints went unresolved. Eventually, she was constructively evicted from the Eclipse—Manbel did not offer to renew her lease—in retaliation for her

---

[1] The factual recitation that follows is drawn from the allegations in Lloyd's operative pleading—her second amended complaint.

[2] "At the end of 2020, Congress made . . . $900 billion in pandemic relief available through the Consolidated Appropriations Act, with $25 billion directed to [ERAP] for residential tenants[.]" *Melendez v. City of N.Y.*, 16 F.4th 992, 998 (2d Cir. 2021).

complaints about the afore-described false representations, failures to maintain the property, use of toxic chemicals, and violations of federal law that she perceived.

Proceeding pro se, Lloyd filed suit in the District Court against the defendants referenced above, as well as two Manbel employees, Manbel's landscaping contractors, and Manbel's legal representation in a similar suit brought by Lloyd in state court. Lloyd was permitted to amend her complaint twice.

The District Court evaluated Lloyd's second amended complaint in response to defendants' motions to dismiss. Some of Lloyd's claims survived—including parts of her claims against Manbel for common law negligence and under the federal Fair Housing Act. Most claims, though, were dismissed with prejudice and without further leave to amend. Relevant to this appeal, the District Court determined that it lacked subject matter jurisdiction over the claims against LCHA. The District Court determined further that even if supplemental jurisdiction were exercised, LCHA was entitled to sovereign immunity; and Lloyd failed to state a claim against the agency, regardless.

Thereafter, Lloyd withdrew her claims against Manbel and its employees. The District Court entered an order dismissing the case. Lloyd appealed. Days later, Lloyd filed in the District Court a praecipe noting that this appeal concerns only her and LCHA.

II.

We have jurisdiction under 28 U.S.C. § 1291. The District Court's order dismissing Lloyd's claims against sole appellee LCHA is reviewed de novo. *See Waterfront Comm'n of N.Y. Harbor v. Governor of N.J.*, 961 F.3d 234, 238 (3d Cir.

3

2020) (plenary review of dismissals based on sovereign immunity questions); *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 168 (3d Cir. 2019) (plenary review of dismissals based on a failure to state a claim); *Free Speech Coal., Inc. v. Att'y Gen.*, 677 F.3d 519, 530 (3d Cir. 2012) (plenary review of dismissals based on a lack of subject matter jurisdiction). Decisions declining to exercise supplemental jurisdiction and declining to permit a pleading amendment are reviewed for abuse of discretion. *See LabMD Inc. v. Boback*, 47 F.4th 164, 192 n.22 (3d Cir. 2022) (amendment); *Hedges v. Musco*, 204 F.3d 109, 123–24 (3d Cir. 2000) (supplemental jurisdiction).

## III.

Lloyd argues that the District Court erred in dismissing her claims for damages against LCHA, because she adequately pleaded LCHA's failure to provide her the ERAP funds Mandel refused to accept directly. But even if her second amended complaint was defective as against LCHA, Lloyd says, she should have been allowed to replead her claims in a third amended complaint.

We agree with the District Court's alternative ruling that Lloyd's damages claims against LCHA failed because the agency was entitled to sovereign immunity.[3] The parties do not dispute that LCHA is an arm of the Commonwealth of Pennsylvania. *Cf. City of*

---

[3] Lloyd contends that sovereign immunity is "unconstitutional." Br. 6.[3] That contention is without merit. *See* U.S. CONST. amend. XI. "[A]s the Constitution's structure, its history, and the authoritative interpretations by [the United States Supreme Court] make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today." *Alden v. Maine*, 527 U.S. 706, 713 (1999).

*Phila. v. Lead Indus. Ass'n, Inc.*, 994 F.2d 112, 118 (3d Cir. 1993) (discussing Pennsylvania's Housing Authorities Law). Absent waiver or congressional abrogation of sovereign immunity—absences felt here—states and their agency-appendages may not be subject to suit in the federal court system. *See Torres v. Tex. Dep't of Pub. Safety*, 597 U.S. 580, 587 (2022); *Koslow v. Pa.*, 302 F.3d 161, 168 (3d Cir. 2002). The District Court was thus correct to dismiss Lloyd's claims against LCHA. And because a third pleading amendment would have been futile, that dismissal was properly *with* prejudice. There was no abuse of discretion by the District Court.[4]

Accordingly, for the reasons given above, the judgment of the District Court will be affirmed.

---

[4] Neither Lloyd's filings below (including her second amended complaint and post-dismissal motion for reconsideration), nor her briefing on appeal, suggests that she could plausibly plead an exception to sovereign immunity pursuant to *Ex Parte Young*, 209 U.S. 123 (1908), "under which individual state officers can be sued in their individual capacities for prospective injunctive and declaratory relief to end continuing or ongoing violations of federal law," *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 506 (3d Cir. 2001). Notably, the subject ERAP funds almost certainly reverted to the federal government years ago. *See* 15 U.S.C. § 9058a(l).